# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JOHNNY ELMO MORGAN,                                                             PETITIONER
ADC #93350

v.                                5:11-cv-00120-BSM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

      1.       Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is Mr. Morgan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2). Based on the following analysis, this Court recommends that the Petition be dismissed with prejudice.

## I. BACKGROUND

On March 8, 2007, Scott County Sheriff Deputies obtained a search warrant for Mr. Morgan's residence to seize methamphetamine and other drug paraphernalia.[1] This was based on information from a reliable confidential informant who had made a controlled purchase of methamphetamine at Morgan's residence within the last 48 hours. *Id.*

When officers arrived to execute the warrant, Morgan was not present,[2] but Amy

---

[1] *Morgan v. State*, 2009 Ark. 257, at *2, 208 S.W.3d 147, 150.

[2] *Id.* at *2-3, 308 S.W.3d at 151.

Smith (who shared the residence), another adult female, two of Morgan's children, and a teenage juvenile were present. *Id.* Two more of Morgan's children arrived home from school while officers were executing the warrant. *Id.*

In the residence and in a metal outbuilding, officers found evidence of manufacture and distribution of methamphetamine.[3] *Id.* In the overgrown area between the residence and the outbuilding, officers found ten plastic 20 ounce bottles. *Id.* at *3-4, 308 S.W.3d at 151.

Morgan was charged with manufacture of methamphetamine in violation of Ark. Code Ann. § 5-64-401, possession of drug paraphernalia with the intent to manufacture methamphetamine in violation of Ark. Code Ann. § 5-64-403, and first degree endangering the welfare of a minor in violation of Ark. Code Ann. § 5-27-205.[4]

On September 14, 2007, a jury convicted Morgan on all counts (Doc. No. 8-1) and he was sentenced to 480 months' imprisonment. (Doc. No. 8-1 at 5.) Mr. Morgan appealed to the Arkansas Court of Appeals, arguing that the evidence introduced at trial was insufficient

---

[3]In the residence officers found a glass smoking pipe with burnt residue that tested positive for methamphetamine and the cutting agent dimethyl sulfone, a plastic bag containing a white powder substance that tested positive for dimethyl sulfone, two hollowed-out light bulbs with burnt residue that tested positive for methamphetamine and dimethyl sulfone, a variety of various plastic bags and cut plastic-bag corners, a rolled-up dollar bill, and a straw with residue that tested positive for methamphetamine and dimethyl sulfone. In the outbuilding officers found a camp stove, an active hydrogen chloride generator, two one-gallon containers full of muriatic acid, half a gallon of lighter fluid, coffee filters, striker plates from match boxes, an empty salt package, one glass container that held one pound of salt, four other glass containers, two empty and two full of unknown liquids, a paper towel soiled with a red residue, which later tested positive for methamphetamine, phosphorus and iodine, two empty charcoal-starter containers, plastic tubing, a green metal ammo tin containing matches, and seven pints of hydrogen peroxide. *Id.* at *3-4, 308 S.W.3d at 151.

[4]*Morgan v. State*, No. CACR 08-306, 2008 WL 4821000, at *1 (Ark. Ct. App. Nov. 5, 2008)(unpublished), *rev'd*, *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147.

to support his convictions. *Morgan*, 2009 Ark. at *1, 308 S.W.3d at 150. The Arkansas Court of Appeals agreed and reversed and dismissed his case. *Id.* at *2, 308 S.W.3d at 150. The State then petitioned the Arkansas Supreme Court for review, which affirmed the conviction and reversed the Court of Appeals on May 7, 2009. *Id.*

Mr. Morgan never filed a motion pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. However, on May 6, 2010, he filed a state habeas petition pursuant to Ark. Code Ann. § 16-112-101 in Izard County Circuit Court. (Doc. No. 8-8.) The court initially denied Mr. Morgan's petition on September 1, 2010. But on February 7, 2011, the court entered an amended order to correct a typographical error and changed the date of dismissal to February 7, 2011. (Doc. No. 8-9.) Mr. Morgan filed the instant 28 U.S.C. § 2254 Petition on May 16, 2011. (Doc. No. 2.)

## II.   DISCUSSION

### A.   Timeliness

Pursuant to 28 U.S.C. § 2244(d)(1), a petitioner must file his or her federal habeas petition within one (1) year from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year statute of limitations period is subject to tolling under 28 U.S.C. § 2244(d)(2), by a properly filed application for state post-conviction relief while it is pending. *Id.* As noted by the Supreme Court, a state petition or application is considered to be "properly filed" if it is timely and otherwise compliant with the "filing conditions" required by the respective state. *Allen v. Siebert*, 552 U.S. 3, 5-6 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)).

Respondent challenges the timeliness of the Petition, arguing that Morgan's state petition is not part of Arkansas's ordinary post-conviction review process. And the pending state petition should not toll the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(2). Mr. Morgan responds that the one-year limitations period resumed on February 7, 2011, the date of the amended order that dismissed the state habeas petition.[5] While this Court is inclined to agree with Respondent on the timeliness of the Petition, in the interests of fairness and judicial economy, the Court will forego the timeliness discussion and proceed directly to the merits. *Dodge v. Robinson*, 625 F.3d 1014, 1017 n.1 (8th Cir. 2010); *see also Trussell v. Bowersox*, 447 F.3d 588, 590-91 (8th Cir 2006); *Chambers v. Bowersox*, 157 F.3d 560, 564 n.4 (8th Cir. 1998)("The simplest way to decide a case is often the best.").

---

[5]The Izard County Circuit Court initially dismissed Mr. Morgan's § 16-112-101 petition on September 1, 2010. The court amended that order to correct the unintentional inclusion of another petitioner's name, Daniel Hagen, and changed the date of dismissal to February 7, 2011.

**B.     Merits**

When reviewing an underlying state court's decision on the merits of an inmate's claims, a federal court will "undertake only a limited and deferential review." *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011). In cases where the petitioner challenges a state court's adjudication on the merits, federal habeas relief will not be granted unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[,] or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).

"A state court decision is 'contrary to' clearly established federal law if it either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially distinguishable facts.'" *Worthington*, 631 F.3d at 495. Additionally, "[a] state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

1.     Sufficiency of the Evidence

Morgan claims there was no direct evidence showing he manufactured or possessed methamphetamine and the circumstantial evidence introduced does not sufficiently prove the

charges against him. (Doc. No. 3 at 11.) Respondent argues that while the "substantial evidence" standard is not a mirror image of the *Jackson v. Virginia*, 443 U.S. 307 (1979), due-process standard, it is similar enough to justify deference to the Arkansas Supreme Court under 28 U.S.C. § 2254(d). (Doc. No. 8 at 7.) To resolve this, the Court must first determine whether the application of the "substantial evidence" standard in *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147 was an adjudication on the merits for purposes of 28 U.S.C. § 2254(d). *Nance v. Norris*, 392 F.3d 284, 289 (8th Cir. 2004).

While adjudication on the merits under the Antiterrorism and Effective Death Penalty Act "does not require that a state court invoke any particular language or devote any specific degree of attention to the claim," a federal habeas court will not accord § 2254(d) deference to a state court decision until it is clear that the state court actually considered and rejected a federal constitutional claim. *Brown v. Luebbers*, 371 F.3d 458, 461 (8th Cir. 2004). To do this, a federal habeas court "must simply look at what a state court has said." *Nance*, 392 F.3d at 289.

In looking at what the Arkansas Supreme Court said, it appears the court decided the sufficiency of evidence claim on state law rather than on constitutional grounds. *Morgan v. State*, 2009 Ark. 257,*6-8, 308 S.W.3d 147, 152-53("Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture.").[6,7] And under 28

---

[6]The state appellate briefs attached to Respondent's brief indicate that Mr. Morgan pursued his sufficiency claim solely on "substantial evidence" grounds. He never presented an independent due-process claim under *Jackson v. Virginia*, 443 U.S. 307 (1979). (Doc.

7

U.S.C. § 2254(d), only an adjudication of a federal constitutional claim on the merits will receive deference. *Nance*, 392 F.3d at 289.

Since the Arkansas Supreme Court's "substantial evidence" decision was not a constitutional adjudication on the merits under § 2254(d), a review of Mr. Morgan's sufficiency of evidence claim should be reviewed *de novo*. *Id.* In doing so, the "underlying determinations of material fact that occurred in the state court . . . are 'presumed to be correct' unless 'rebutted . . . by clear and convincing evidence.'" *Id.* (quoting 28 U.S.C. § 2254(e)(1)).

A conviction, even one based solely on circumstantial evidence, will violate an individual's due process rights under *Jackson* [*v. Virginia*, 443 U.S. 307 (1979)] "only if a reasonable juror must have entertained a reasonable doubt about the [state's] proof on an element of the offense." *United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010). When reviewing sufficiency claims under *Jackson*, courts view the evidence "in the light most

---

Nos. 8-3; 8-5; 8-6; 8-7.) Respondent has not raised the issue of whether Mr. Morgan's failure to present a separate federal constitutional sufficiency claim bars him from litigating that claim in this Court. *See Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011)("In order to fairly present a federal claim to the state courts, the petitioner must have referred to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts.'" (quoting *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997))). The Court declines to consider this issue as Mr. Morgan's sufficiency claim ultimately fails on the merits. *Dodge*, 625 F.3d at 1017 n.1 (8th Cir. 2010); *see also Flieger v. Delo*, 16 F.3d 878, 883 n.5 (8th Cir. 1994)(declining to consider whether a petitioner procedurally defaulted his sufficiency claim by not raising it as a due process claim under *Jackson v. Virginia*, 443 U.S. 307 91979)).

[7]The United States Court of Appeals for the Eighth Circuit has noted that Arkansas's "substantial evidence" standard is "arguably different than the due-process standard enunciated in *Jackson* [*v. Virgina*, 443 U.S. 307 (1979)]." *Nance*, 392 F.3d at 289.

favorable to the prosecution." *United States v. Inman*, 558 F.3d 742, 747-48 (8th Cir. 2009).

Mr. Morgan argues there was insufficient evidence at trial to connect him to physical evidence recovered from the metal outbuilding. (Doc. No. 3 at 11.) In Arkansas, "the State need not prove that the accused physically possessed the contraband." Ark. Code Ann. § 5-64-403(c); *Cantrell v. State*, 2009 Ark. 456, at *5, 343 S.W.3d 591, 594. Constructive possession is enough to satisfy the possession element. *Id.* Constructive possession of contraband by the accused can still exist even if there is joint occupancy of the premises where the contraband is found. *Morgan v. State*, 2009 Ark. 257, at *9, 308 S.W.3d 147, at 153. In joint-occupancy circumstances, an Arkansas trial court must consider additional factors such as "(a) whether the accused exercised care, control, and management over the contraband and (b) whether the accused knew the material was contraband." *Id.*, 308 S.W.3d at 153-54. Ultimately, jurors may infer that an accused had knowledge of or control over the contraband from circumstances "such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found." *Id.*

After reviewing the trial record in the light most favorable to the State, the Court concludes that any rational juror could have found Morgan guilty of the crimes charged beyond a reasonable doubt. Under Ark. Code Ann. § 5-64-401(a)(1), manufacturing methamphetamine means "the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from a substance of natural origin, or independently by means of chemical synthesis, or by

a combination of extraction and chemical synthesis." § 5-64-401(a)(1). An individual possesses drug paraphernalia with the intent to manufacture in violation of Ark. Code Ann. § 5-64-403(c) if he or she "uses, or possesses with intent to use, drug paraphernalia to 'plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance." § 5-64-403(c).

To establish violations under Ark. Code Ann. §§ 5-64-401(a)(1) and 5-64-403(c), the State had to show that Mr. Morgan had legal possession of the contraband seized from the metal outbuilding. *See Loggins v. State*, 2010 Ark. 414, 2010 WL 4353477, at *6. While there was no evidence suggesting that Morgan legally owned the land underlying the metal outbuilding, circumstances such as the proximity of the building to Morgan's residence, the paraphernalia found inside the residence, the multiple plastic bottles scattered between the metal building and the residence, the methamphetamine and dimethyl sulfone residue found on multiple items seized from the metal outbuilding, and the fact that a reliable confidential informant had recently purchased methamphetamine from the Morgan residence allowed the jury to infer that Mr. Morgan had the requisite knowledge and control over the evidence. *Cantrell*, 2009 Ark. at *3-7, 343 S.W.3d at 593-95.

Mr. Morgan contends that, even if he was in legal possession of the contraband seized from the metal outbuilding, there is not sufficient evidence to establish that he ever actually manufactured or intended to manufacture methamphetamine. (Doc. No. 3 at 12.) But the items seized are strong evidence of the manufacture and distribution of methamphetamine

and provide a sufficient basis for a rational juror to find him guilty of manufacturing methamphetamine and possessing drug paraphernalia with the intent to manufacture methamphetamine beyond a reasonable doubt.

The State's expert witness, Mr. Larry Garner, concluded that the items taken together comprised a meth lab with one active hydrogen chloride generator. (Tr. 279-80.) Additionally, several of the items in the outbuilding and items seized from Mr. Morgan's residence tested positive for methamphetamine and dimethyl sulfone. *Morgan v. State*, 2009 Ark. 257, at *2, 308 S.W.3d 147, 150.

Finally, any rational juror could have found Mr. Morgan guilty of first-degree endangering the welfare of a minor beyond a reasonable doubt. An individual is guilty of first-degree endangering the welfare of a minor if 'being a parent . . . he or she purposely . . . [e]ngages in conduct creating a substantial risk of death or serious physical injury to a minor.' " *Morgan v. State*, 2009 Ark. 257, at *10, 308 S.W.3d 147, at 154 (quoting ARK. CODE ANN. § 5-27-205(a)(1)(Repl. 2006)). The evidence of manufacturing methamphetamine and drug paraphernalia that was recovered from inside the Morgan residence, coupled with several officers' statements that Morgan's children were inside the residence during the execution of the search warrant, was more than enough to satisfy the due-process standard under *Jackson*, *supra*. (Tr. 163-64; 246-47.)

    2.    Fourth Amendment Challenge

Morgan also raises various Fourth Amendment arguments. (Doc. No. 3 at 1-2, 7-11.) Given that he had full and fair opportunity to litigate these claims at the state trial and

appellate levels,[8] this Court must abstain from reviewing the state courts' previous Fourth Amendment determinations. *Chavez v. Weber*, 497 F.3d 796, 801-02 (8th Cir. 2007) (" '[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.' " (quoting *Stone v. Powell*, 428 U.S. 465, 482 (1976))).

**IV.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.   Mr. Morgan's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice and the requested relief be DENIED.

DATED this 23rd day of May, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[8]*See Morgan v. State*, 2009 Ark. 257, at *11, 308 S.W.3d 147, at 154-55.